UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTOR M. RODRIGUEZ,                   Case No. 3:11-cv-359

    Plaintiff,                        Judge Timothy S. Black

vs.

TROPICAL SMOOTHIE FRANCHISE
DEVELOPMENT CORP., *et al.*,

    Defendants.

**ORDER GRANTING FIFTH THIRD BANK'S MOTION FOR LEAVE TO INTERVENE (Doc. 6)**

This civil action is before the Court on movant Fifth Third Bank's motion to intervene to assert claims in the nature of a creditor's bill pursuant to Fed. R. Civ. P. 24(a)(2). (Doc. 6). No party to this action filed a memorandum in opposition.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Movant, Fifth Third Bank, submits that on or about August 31, 2011, it obtained judgment against Victor M. Rodriguez (Plaintiff), as well as TTWD Management Group LLC ("TTWD"), which, upon information and belief, was the business entity formed by Plaintiff to operate the Tropical Smoothie franchise referenced in Plaintiff's Complaint. Specifically, Fifth Third obtained a judgment against Rodriguez and TTWD, jointly and severally, in the principal sum of $52,545.37, plus all accrued and unpaid interest, fees, and costs, before the Montgomery County Court of Common Pleas, and further submits that said judgment currently remains valid, undisturbed and unsatisfied in all respects. (Doc. 6, Ex. A).

Mr. Rodriguez and TTWD have made no payments to Fifth Third. Furthermore, Fifth Third maintains a lien and security interest on substantially all of Plaintiff's assets pursuant to a Uniform Commercial Code Financing Statement filed with the Ohio Secretary of State on March 13, 2006, and continued via a Continuation Statement recorded December 17, 2010, as well as Certificate of Judgment Lien designated September 12, 2011 in the records of the Montgomery County, Ohio Court of Common Pleas, at Case No. 2011CJ181347. (Doc. 6, Exs. B, C).

Fifth Third has reduced its claims to judgment, and has exhausted its legal remedies against Rodriguez and TTWD to no avail. Upon information and belief, Mr. Rodriguez does not have sufficient real or personal property to satisfy the judgment against him in favor of Fifth Third, and the only remedy available to Fifth Third is the placement of a lien upon Rodriguez and/or TTWD's interests in the instant action, including, but not limited to, the interests and claims identified in Plaintiff's Complaint, and any potential proceeds or recovery of either Rodriguez or TTWD as against Defendants herein, which may be derived therefrom. *See also*, Ohio Rev. Code § 2333.01.

## II. STANDARD OF REVIEW

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention of right, providing as follows:

On timely motion, the court must permit anyone to intervene who:
(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede

2

the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The United States Court of Appeals for the Sixth Circuit requires that a proposed intervenor satisfy four factors before establishing a right to intervene under this provision:

(1) the motion to intervene is timely;

(2) the proposed intervenor has a substantial legal interest in the subject matter of the case;

(3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and

(4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).

## III. ANALYSIS

There can be little doubt that Fifth Third's motion is timely, as it was filed merely weeks after the complaint was filed. Moreover, this action is still in the early stages of litigation.

As to the second prong, "substantial legal interest," the Sixth Circuit "has opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Michigan State v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). Because Fifth Third is a

3

judgment-lien creditor of Rodriguez and TTWD, it has a sufficient legal interest to intervene in this suit.

As to the third prong, impairment of the applicant's ability to protect her legal interest in the absence of intervention, a proposed intervenor need not establish "that impairment will inevitably ensue from an unfavorable disposition," only that such impairment may ensure. *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991). "The burden is minimal." *Miller,* 103 F.3d at 1247. Disposing of this matter without the inclusion and protection of Fifth Third's claims would clearly impair or impede Fifth Third's ability to enforce and seek satisfaction of its judgment.

Finally, the movant's burden as to the fourth prong, "inadequate representation," "is minimal because it is sufficient that the movant prove that representation may be inadequate." *Miller,* 103 F.3d at 1247. "For example, it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id.* It appears obvious that Fifth Third, who is not a named party in this case, requires representation so as to properly protect its financial interest and collect the debt owed.

## IV. CONCLUSION

Therefore, for the reasons stated herein, Fifth Third Bank's motion for leave to intervene (Doc. 6) is hereby **GRANTED**.

**IT IS SO ORDERED.**

Date: 12/2/11

Timothy S. Black
United States District Judge

4